UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRIKE 3 HOLDINGS, LLC,

               Plaintiff,

-v-

JOHN DOE, subscriber assigned IP address 74.65.214.214,

               Defendant.

CIVIL ACTION NO.: 24 Civ. 7278 (AKH) (SLC)

**OPINION AND ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff Strike 3 Holdings, LLC ("Strike 3") moves ex parte, pursuant to Federal Rule of Civil Procedure 26(d)(1), for leave to serve a third-party subpoena before a Rule 26(f) conference. (ECF No. 7 (the "Motion")). Specifically, Strike 3 seeks to serve a subpoena on Spectrum, an Internet Service Provider ("ISP"), in order to ascertain the name and address of the John Doe defendant whose Internet Protocol ("IP") address was associated with infringement of Strike 3's copyrighted works. Strike 3's request for leave to file the Motion (ECF No. 9) and the Motion are granted.

## II. BACKGROUND

Strike 3 is no stranger in this District, and its operations were described in factually similar cases several times before. See, e.g., Strike 3 Holdings, LLC v. Doe, No. 24 Civ. 2511 (LAK) (RWL), 2024 WL 2330850 (S.D.N.Y. May 21, 2024) (granting request to serve third-party subpoena on ISP before Rule 26(f) conference); Strike 3 Holdings, LLC v. Doe, No. 22 Civ. 1618 (LJL), 2022 WL 785216, at * 1 (S.D.N.Y. March 15, 2022) (same) ("Strike 3 is a serial litigant. Over the last few

years, it 'has brought thousands of cases exactly like this one in courts around the country.'" (quoting Strike 3 Holdings, LLC v. Doe, No. 19 Civ. 5818 (AT) (JLC), 2019 WL 5459693, at *1 (S.D.N.Y. Oct. 9, 2019)); Strike 3 Holdings, LLC v. Doe, 329 F.R.D. 518, 520 (S.D.N.Y. 2019) (same).

Suffice it to say that Strike 3 is the owner and distributor of adult motion pictures, and it alleges that John Doe illegally downloaded and distributed Strike 3's content through a BitTorrent protocol—a system used to distribute large data files through the internet—which Strike 3 detected through its infringement monitoring system, VXN Scan. (ECF Nos. 1 at ¶¶ 3–4, 20–48; 8-1 at ¶ 13; 8-2 at ¶¶ 14, 41, 44–83; 8-3 at ¶ 9–11). Strike 3 has so far identified John Doe only through an IP address, so it seeks to serve a third-party subpoena on Spectrum, John Doe's ISP, to uncover his identity. (ECF Nos. 1 at ¶ 9; 7 at 1; 9 at 1).

On September 26, 2024, Strike 3 filed the Complaint (ECF No. 1), and the Honorable Alvin K. Hellerstein referred the case for general pretrial supervision (ECF No. 6). On October 15, 2024, Strike 3 requested leave to file the Motion and adjourn scheduling a Rule 26(f) conference until John Doe has been identified and served. (ECF No. 9). Strike 3 filed the Motion the same day, supported by the declarations of Patrick Paige, Jorge Arco, and Susan Stalzer, who used forensic software to track the distribution of Strike 3's videos. (ECF Nos. 7; 8).

### III. DISCUSSION

A. **Legal Standard**

Generally, Federal Rule of Civil Procedure 26(d)(1) forbids a party from seeking discovery "from any source before the parties have conferred as required by Rule 26(f)[,]" unless that party is awarded a court order. Strike 3 Holdings, 329 F.R.D. at 520; Fed. R. Civ. P. 26(d)(1).[1] A "flexible

---

[1] Internal quotation marks and citations are omitted unless otherwise noted.

standard of reasonableness and good cause" controls whether a party may be awarded discovery before a Rule26(f) conference, even though ex parte requests are reviewed under "particularly careful scrutiny[.]" Strike 3 Holdings, 329 F.R.D. at 520–21.

The Court considers five "principal factors" to decide whether expedited discovery is appropriate: "(1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy." Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010) (the "Arista factors") (cleaned up).

B. **Application**

All five Arista factors cut in favor of granting Strike 3 leave to serve a third-party subpoena on Spectrum. First, Strike 3 made a prima facie case of copyright infringement, which requires it to show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Strike 3 adequately alleged that it owns a valid copyright in its videos, which are registered with the United States Copyright Office. (ECF Nos. 1 at ¶¶ 45, 48; 1-1). Strike 3 also alleged that John Doe transmitted its works through file-sharing, and it submitted declarations and forensic evidence supporting the allegations. (ECF Nos. 1 at ¶¶ 31–48; 1-1; 8-1; 8-2; 8-3). See Strike 3 Holdings, 2022 WL 78512, at *1 ("[T]he distribution of copyrighted material through file sharing services qualifies as copyright infringement.").

Second, Strike 3 made a sufficiently specific discovery request. The request is limited to the name and address of the subscriber associated with John Doe's IP address. (See ECF No. 8 at

3

6).  Courts addressing Strike 3's expedited discovery requests in other of its cases concluded that this information "is a limited and highly specific set of facts."  See, e.g., Strike 3 Holdings, 2022 WL 78512, at *2; Strike 3 Holdings, 2019 WL 5459693, at *3 (quoting Strike 3 Holdings, LLC v. Doe, No. 18 Civ. 5586 (LAK) (KNF), 2018 WL 5818100, at *1 (S.D.N.Y. Oct. 15, 2018)).  The limited information is needed so Strike 3 can properly serve John Doe, and it is "sufficiently specific to accomplish that end."  Strike 3 Holdings, 2022 WL 78512, at *2.

Third, Strike 3 has shown that it cannot obtain the information any other way.  It contends that "BitTorrent software is largely anonymous except insofar as it requires a user to broadcast the user's IP address."  (ECF No. 8 at 11).  The only entity that can connect a user's IP address to his identity is the user's ISP.  (See ECF No. 8-1 at ¶ 28).  Strike 3 has adequately shown that it cannot obtain John Doe's identity through an alternative means.

Fourth, John Doe's name and address are needed to advance Strike 3's claims. Strike 3 argues that it cannot exercise its rights and protect its material without first ascertaining John Doe's identity and serving him.  (Id. at 12).  Unless the ISP identifies the user, the case cannot move forward.  See Sony Music Entm't Inc. v. Does 1–40, 326 F. Supp. 2d 556, 566 (S.D.N.Y 2004) ("Ascertaining the identities and residences of the Doe defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process.").

Finally, as to Spectrum's expectation of privacy, "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material."  Strike 3 Holdings, 2022 WL 78512, at *2.  Strike 3's interest in discovering John Doe's name and address for the purpose of service

4

outweighs Spectrum's minimal privacy interest.  Accordingly, all five <u>Arista</u> factors cut in favor of granting Strike 3's request, so it is granted.

In cases like this, involving the distribution of adult content, courts often issue a protective order in connection with the subpoena, "in light of the substantial risk for false positive identifications that could result in 'annoyance, embarrassment, oppression, or undue burden or expense.'"  <u>Strike 3 Holdings</u>, 329 F.R.D. at 522 (quoting Fed. R. Civ. P. 26(c)(1)).  The Court will direct Spectrum to serve John Doe with a copy of the subpoena and will give John Doe sixty (60) days from the date of service to file any motions contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously.  That procedure strikes the appropriate balance between Strike 3's rights and John Doe's privacy interests.  Moreover, Strike 3 "respectfully encourages the Court to establish such [procedural safeguards] here, should the Court find it appropriate."  (ECF No. 8 at 13).  Good cause exists to issue a protective order in connection with the subpoena.

## IV. <u>CONCLUSION</u>

Accordingly, Strike 3's request for leave to file the Motion and the Motion (ECF Nos. 7; 9) are **GRANTED**, and it is ORDERED as follows:

1. Strike 3 may serve a Rule 45 subpoena on Spectrum, the ISP identified in its motion, to obtain information to identify John Doe, specifically his or her true name and current and permanent address.  Strike 3 shall not request any additional information, including, but not limited to, an email address or telephone number.  The subpoena shall have a copy of this Order attached, along with the attached "Notice to Defendant."

5

2. Spectrum shall have 60 days from the date of service of the Rule 45 subpoena upon them to serve John Doe with a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant." Spectrum may serve John Doe using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service;

3. John Doe will have 60 days from the date of service of the subpoena to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. If he or she decides to contest the subpoena, he or she shall at the same time notify Spectrum so that it is on notice not to release any of John Doe's contact information to Strike 3 until the Court rules on any such motions;

4. If neither John Doe nor Spectrum contests the subpoena within the 60-day period, Spectrum shall have 10 days to produce the information responsive to the subpoena to Strike 3; and that any information disclosed to Strike 3 in response to the subpoena may be used by Strike 3 solely to protect its rights as set forth in its complaint.

The Clerk of Court is respectfully directed to close ECF Nos. 7 and 9.

Dated:   New York, New York
         October 16, 2024

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge

**NOTICE TO DEFENDANT**

1. You are a defendant in <u>Strike 3 Holdings, LLC v. John Doe, subscriber assigned IP address 74.65.214.214</u>, 24 Civ. 7278 (AKH) (SLC), a case now pending before the Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York.

2. You may hire a lawyer to represent you in this case or you may proceed <u>pro se</u> (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed <u>pro se</u>, all communications with the Court should be through the <u>Pro Se</u> Office of the United States District Court for the Southern District of New York. The <u>Pro Se</u> Office is located in Room 205 of the United States Courthouse, 500 Pearl Street, New York, NY 10007, and may be reached at (212) 805-0175.

3. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed movies on your computer.

4. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

5. The plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP").

6. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. If you choose to proceed <u>pro se</u>, your

7

motion to quash or modify the subpoena should be mailed to the Pro Se Office, as described in paragraph 2.

7. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the Pro Se Office of the Court. This information is solely for use by the Court and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

8. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

9. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. If you choose to proceed pro se, your letter should be mailed to the Pro Se Office, as described in paragraph 2. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.